IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Case No. 3:20-cr-19-SLH-KAP-1 |
| SETH LONG, | : |
| Defendant | : |

Memorandum Order

    Seth Long is charged with possessing firearms and ammunition on June 3, 2020 after having been convicted of a felony (charges of aggravated assault dating from 2006), a violation of 18 U.S.C. § 922(g)(1) that carries as a penalty a term of imprisonment not to exceed ten years, except that if there are three prior convictions for violent felonies or serious drug offenses the potential term of imprisonment is 15 years to life. 18 U.S.C. § 924(e). He is also charged with possessing these weapons in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1) that carries as a penalty a minimum term of imprisonment of five years consecutive to any other sentence to a maximum of life. The drug trafficking crime that he is alleged to have been furthering is possession with intent to distribute quantities of MDMA, LSD, methamphetamine, morphine, PCP, cocaine, and ketamine, a violation of 18 U.S.C. § 841(a)(1) that carries as a penalty a term of imprisonment of up to twenty years, except that in cases where there is a prior conviction for a felony drug offense the term of imprisonment can be up to thirty years. Mr. Long has a felony drug conviction in Ohio for which he received a term of probation that dates from 2016.

    The Bail Reform Act does not authorize pretrial punishment. United States v. Salerno, 481 U.S. 739, 747 (1987). Under 18 U.S.C. § 3142(g), the Court must consider the following factors in support of the twin goals of the Bail Reform Act, assuring the defendant's appearance at trial and protecting individuals and the community from an "identified and articulable threat," United States v. Salerno, supra, 481 U.S. at 751: (1) the "nature and circumstances of the offense," including crimes involving violence or controlled substances; (2) the weight of the evidence; (3) the defendant's history and characteristics, including ties to the community, substance abuse, physical and mental health, record of appearing at court proceedings, and whether the alleged offense occurred while on probation or parole, among others; and (4) the "nature and seriousness of the danger to any person or the community" posed by release. The government must show, to obtain an order of pretrial detention, that there is no condition or combination of conditions short of detention that will reasonably assure either the defendant's appearance or the safety of the community. 18 U.S.C. §§ 3142(e), 3142(f). The government must prove that detention is necessary to ensure public safety by clear and

convincing evidence; risk of flight must be proved by a preponderance of the evidence. 18 U.S.C.§ 3142(f)(2); United States v. Himler, 797 F.2d 156, 160-61 (3d Cir. 1986).

After a detention hearing on May 21, 2021, I determined that Mr. Long was not a flight risk. I was unsure whether there were conditions short of detention that would reasonably assure the safety of the community and asked Pretrial Services to evaluate Mr. Long's proposed third-party custodians and to recommend whether some form of substance abuse treatment might be appropriate. After Pretrial Services received a report of a substance abuse evaluation, I received a supplemental report on June 8, 2021, recommending that Mr. Long be released to a third-party custodian with intensive outpatient therapy.

I appreciate the efforts by all parties, from the proposed third-party custodians to the agency evaluating Mr. Long for drug treatment. After careful consideration I order detention because I find clear and convincing evidence that no conditions short of detention reasonably assure Mr. Long will not endanger the community.

I make this decision based on the following factors, and in roughly the following order: first, the weight of the evidence against Mr. Long is very strong, and the variety of illegal drugs and the amount of cash found in connection with the search on June 3, 2020 indicates that Mr. Long is in the business of selling drugs. Although Mr. Long's detention undoubtedly has disrupted any supply chain that such activity implies, his detention does not eliminate that risk. Second, while the number and type of firearms found in connection with the search on June 3, 2020 are not outliers relative to gun ownership in the local community, they cause great concern because of the utility of at least some of them in furthering a drug trafficking business, and because (not to overstate the obvious) Mr. Long's prior record prohibits him from possessing any of them.

Next, while I believe third party custodians have great value as a means of assuring the safety of the community, not all third-party custodians are created equal. An authority figure who enters the picture and takes charge of a young and unsophisticated offender provides greater protection to the community than does a third party custodian who is essentially a peer of the defendant, especially one who was already socially affiliated with the defendant during the time the defendant is alleged to have committed the very offenses charged. Here, Mr. Long is a mature adult with a lengthy prior record who is less likely to heed any direction that the proposed custodians might provide.

Finally, drug treatment, whatever its value to the defendant, is relevant to me as a condition of release based on its power to protect the community. Although I am still searching for empirical evidence in support of the proposition that drug treatment protects the public or reduces the number of violations of release conditions, two

propositions make intuitive sense to me: first, inpatient treatment is of greater value in protecting the community than outpatient treatment because of its greater control on a defendant's contacts in the community; second, drug treatment is of greater protective effect with defendants who offend because they are addicts and less protective with defendants who offend because they engage in drug sales as a business. Mr. Long appears to be at the drug distribution as a business end of the spectrum, and while the outpatient treatment proposed may be of value to Mr. Long, I think it would do little to help the safety of the community.

DATE: June 15, 2021

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record